## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### ORLANDO DIVISION

AETNA LIFE INSURANCE COMPANY, in its capacity as a fiduciary and plan administrator of the OneBlood, Inc. Flexible Benefits Plan,

      Plaintiffs,                CASE NO.:

vs.

DAYON WRIGHT; LEGALLY PINK LAW, PLLC; CAROLYN SALZMANN, ESQ.; KATHERYN LESLIE RUTH MUSANTE

      Defendants.

_____

### <u>PLAINTIFF, AETNA LIFE INSURANCE COMPANY'S, COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT</u>

Plaintiff, AETNA LIFE INSURANCE COMPANY ("Aetna") in its capacity as a fiduciary and plan administrator of the OneBlood, Inc. Flexible Benefits Plan ("OneBlood Benefits Plan"), by and through its undersigned counsel, files this Complaint and Request for Declaratory Judgment against the Defendants, DAYON WRIGHT ("Dayon Wright"), LEGALLY PINK LAW, PLLC ("Legally Pink Law"), CAROLYN SALZMANN, ESQ. ("Carolyn Salzman"), and KATHERYN LESLIE RUTH MUSANTE ("Katheryn Musante"), and in support thereof, states the following:

This is a lawsuit pertaining to injuries caused to Dayon Wright by the tortious actions of Katheryn Musante and medical expenses incurred by Dayon Wright to treat those injuries which were paid pursuant to the OneBlood Benefits Plan. The

lawsuit is brought by Aetna as a fiduciary of an ERISA self-funded plan and includes causes of action to enforce rights provided by the Employee Retirement Income Security Act, contractual rights of reimbursement against Dayon Wright held by the payor of medical benefits which were caused by a third party tortfeasor, breach of contractual duties against Dayon Wright, subrogation rights against Katheryn Musante as the tortfeasor, a request for the Court to impose an equitable lien or constructive trust, a claim for unjust enrichment, a claim for conversion, and other declaratory relief.

## I.    PARTIES

1.    OneBlood, Inc. ("OneBlood") is a corporation organized and incorporated in Florida with a principle place of business in Orlando, Florida.

2.    Aetna is a corporation organized and incorporated in Connecticut with its principle place of business in East Hartford, Connecticut.

3.    At all times material hereto, Defendant Dayon Wright was a citizen of the State of Florida and a resident of Orange County.

4.    At all times material hereto, Defendant Legally Pink Law was a Florida corporation with its principle place of business in Orange County.

5.    At all times material hereto, Defendant Carolyn Salzmann was a citizen of the State of Florida.

6.    At all times material hereto, Defendant Katheryn Musante was a citizen of the State of Florida.

## II.  <u>JURISDICTION and VENUE</u>

7.      This Court has jurisdiction over Counts I, II, and VII pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1) because this action is brought by a fiduciary to enforce the provisions of a plan arising under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

8.      This Court has jurisdiction over the equity claims in Counts III, IV, V, VI, VII and VIII pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1) as well as, or in the alternative, pursuant to pendent jurisdiction under 28 U.S.C. §1367.

9.      Venue for this matter exists in this Court pursuant to 28 U.S.C. § 1391 and 29 U.S.C. §1132(e)(2), as the automobile accident upon which Plaintiff's reimbursement and subrogation rights are based, being the events which give rise to the claim, occurred in this district.  In addition, Defendants Dayon Wright, Legally Pink Law, and Carolyn Salzmann's breach of the terms of the ERISA benefits plan including their refusal to properly reimburse the ERISA benefits plan and their failure to provide the required cooperation also occurred in this district.  In addition, Defendants Dayon Wright, Legally Pink Law, and Carolyn Salzmann reside in this district.

## III.  <u>FACTUAL BACKGROUND</u>

10.      OneBlood fully funded and sponsored a self-funded employee welfare benefit plan known as the OneBlood Benefits Plan which was organized under and governed by the Employee Retirement Income Security Act of 1974

("ERISA"), 29, U.S.C. §1001 *et seq*.  The Master Plan for the OneBlood Benefits Plan is attached as Exhibit "A" and the Summary Plan Description for the OneBlood Benefits Plan is attached as Exhibit "B".  The Master Plan and the Summary Plan Description are collectively referred to as the "Plan Documents".

11.    OneBlood Benefits Plan engaged Aetna to serve as the Benefits Plan's third-party administrator.  Aetna is a fiduciary of the OneBlood Benefits Plan, within the meaning of ERISA, 29 U.S.C. §1002(21), with respect to the administration of the OneBlood Benefits Plan.   Pursuant to 29 U.S.C. 1132(a)(3), a fiduciary is authorized to bring a civil or equitable action to redress violations of and enforce the provisions of an ERISA plan, such as the OneBlood Benefits Plan.

12.    At all times relevant to this Complaint, Defendant Dayon Wright was a beneficiary covered person under the OneBlood Benefits Plan and was subject to its terms and conditions.

13.    The OneBlood Benefits Plan holds rights of reimbursement in the event a covered person obtains a recovery or payment from a third party for any medical benefit which was caused by a tortfeasor and paid for by the OneBlood Benefits Plan.

14.    The OneBlood Benefits Plan also holds a right to pursue a subrogation action for any medical benefit which was paid by the OneBlood Benefits Plan which was caused by the tortious act of a third party.

15.    On or about December 12, 2014, Dayon Wright was involved in an automobile accident with a vehicle which was driven by Katheryn Musante ("The

Accident"). The Accident occurred on State Road 407 approaching I-95 in Cocoa, Brevard County, Florida.

16.    At the time of The Accident, Katheryn Musante was driving negligently and her negligence resulted in The Accident.

17.    As a result of The Accident, Dayon Wright suffered bodily injury which required medical treatment. The OneBlood Benefits Plan was obligated to pay for $42,112.01 in medical treatment which as needed as a result of the injuries caused by The Accident (the "ERISA Benefit Payments"). The ERISA Benefit Payments were paid by or on behalf of OneBlood Benefits Plan.

18.    As a result of The Accident, Dayon Wright asserted a personal injury claim against Katheryn Musante, as the driver of the at fault vehicle (the "PI Claim"). Legally Pink Law represented Dayon Wright in the PI Claim and Carolyn Salzmann, an attorney with and employee of Legally Pink law, primarily handled the PI Claim for Dayon Wright. While representing Dayon Wright in the PI Claim, Mrs. Salzmann was acting as Legally Pink Law's agent.

19.    The PI Claim included claims for bodily injury and medical treatment, including the ERISA Benefit Payments. At the time that the PI Claim was made, Dayon Wright, Legally Pink Law, and Carolyn Salzmann knew, or had reason to know, that this medical treatment was paid for by a third party which had a right to reimbursement and subrogation.

20.    Dayon Wright brought a lawsuit against Katheryn Musante for the PI Claim.  The lawsuit for the PI Claim was filed in the Volusia County Circuit Court on April 20, 2016 and was assigned case number 2016-10657-CIDL.

21.    Katheryn Musante knew that the PI Claim included claims for bodily injury to Dayon Wright and resulting medical treatment, including the medical treatment paid for by the ERISA Benefits Payments.  Katheryn Musante also knew, or had reason to know, that this medical treatment was paid for by a third party which had a right to reimbursement and subrogation.

22.    On or about January 28, 2019, Katheryn Musante, though her insurance carrier, reached a monetary settlement with Dayon Wright for the PI Claim (the "Musante Monetary Settlement").  Katheryn Musante reached this monetary settlement with the belief that Dayon Wright, Legally Pink Law, and Mrs. Salzmann would satisfy all liens and subrogation claims for medical treatment against Katheryn Musante from The Accident.  The Musante Monetary Settlement was paid to Dayon Wright through his attorney, Mrs. Salzmann.  Unfortunately, Dayon Howard, Legally Pink Law, and Mrs. Salzmann did not in turn satisfy OneBlood Benefits Plan's subrogation claim for the ERISA Benefit Payments.

23.    The Musante Monetary Settlement was more than the amount of the ERISA Benefits Payments.

24.    The Plan Documents require that any beneficiary reimburse Aetna and the OneBlood Benefits Plan from any payment received from a third party as a result of injuries caused by a third party; fully cooperate with Aetna and the

OneBlood Benefits Plan's effort to recover benefits paid; provide all information requested by Aetna and the OneBlood Benefits Plan including providing any documents related to or filed in a personal injury matter; allow Aetna and the OneBlood Benefits Plan to conduct an investigation regarding the injury, illness, or condition; and do nothing to prejudice Aetna and OneBlood Benefit Plan's efforts to recover benefits paid.  *See* Exhibit "A" page 37-38 and Exhibit "B" page 74-76.

25.    In January of 2015, acting through his counsel Carolyn Salzmann, Dayon Wright first sent notice to the OneBlood Benefits Plan through Aetna advising that her client had brought the PI Claim (the "30 Day Notice").  In the 30 Day Notice, Dayon Wright's counsel Mrs. Salzmann requested that Aetna provide her a statement asserting whether Aetna is entitled to a payment of benefits and the right to subrogation or reimbursement.

26.    In response, Aetna retained The Rawlings Group ("Rawlings") to serve as their contractor in handling the reimbursement and subrogation rights for the ERISA Benefit Payments.

27.    On January 21, 2015, Rawlings sent correspondence to Dayon Wright's counsel, Mrs. Salzmann, advising that the OneBlood Benefits Plan and Aetna hold a lien against any recovery her client obtains from the PI Claim for The ERISA Benefit Payments.

28.    Between January 21, 2015 and her settlement of the PI Claim on or about January 28, 2019, Rawlings, acting on behalf of the Aetna and the OneBlood Benefits Plan, contacted Mrs. Salzmann multiple times requesting information and

documents pertaining to the PI Claim and provided Mrs. Salzmann's office with documents that they requested. Mrs. Salzmann was also advised that The ERISA Benefit Payments were paid pursuant to an ERISA self-funded plan and that the plan objected to the distribution of any funds to Dayon Wright until the health plan's subrogation and reimbursement interest were fully satisfied. Included in the documents provided to Mrs. Salzmann was an itemization of all medical expenses which appeared to have been caused by The Accident (the "Lien Itemization"). The Lien Itemization totaled $42,508.27 in related expenses paid, until reduced as described in Paragraph 30 of this Complaint. At no point prior to the settlement of the PI Claim did Mrs. Salzmann or anybody at her office dispute that any of the expenses included in the Lien Itemization were not caused by The Accident. Rather, upon information and belief, Mrs. Salzmann used the Lien Itemization to further her recovery efforts to obtain The Musante Monetary Settlement.

29.    On multiple occasions before the settlement of the PI Claim, including January 21, 2015; February 19, 2016; March 29, 2016; July 20, 2016; December 15, 2016; December 1, 2017; March 12, 2018; and December 19, 2018, Rawlings, acting on behalf of Aetna and the OneBlood Benefits Plan, advised Katheryn Musante and/or her representatives that Aetna administered benefits to Dayon Wright as a result of The Accident and that Aetna, on behalf of OneBlood Benefits Plan, holds subrogation rights for The ERISA Benefits Payments (the "Subrogation Rights"). Katheryn Musante, through her representative, was also advised that Dayon Wright does not have the authority to negotiate, settle, resolve,

or compromise the Subrogation Rights and that the Subrogation Rights must be resolved through Rawlings.

30.    On January 28, 2019, Mrs. Salzmann and her office first advised Rawlings that Dayon Wright's PI Claim settled.  During this call, for the first time Mrs. Salzmann's office claimed to Rawlings that there were expenses in the Lien Itemization which were not caused by The Accident.  Mrs. Salzmann's office claimed that line items in the Lien Itemization for carpel tunnel performed by Dr. Christopher Walker were not caused by The Accident.  In response, Rawlings removed these line items for medical expenses paid to Dr. Christopher Walker for treatment of carpel tunnel, which reduced the Lien Itemization to $42,112.01 in related expenses paid.

31.    On February 20, 2019, Mrs. Salzmann sent correspondence to Rawlings requesting that the lien be reduced to $21,000.  No reason was provided for the requested reduction, including no allegation that medical expenses remaining in the Lien Itemization were not caused by The Accident.

32.    In response, on that same date, Rawlings again told Mrs. Salzmann's office that the rights were held by an ERISA self-funded plan, provided documents to support this, and advised that a reduction of the lien could only be made if the settlement was less than the lien value.

33.    Follow up inquiries were made to Mrs. Salzmann's office on February 25, 2019; March 12, 2019; and March 18, 2019, with no immediate response.

34.     On March 21, 2019, Mrs. Salzmann contacted Rawlings and advised that the defense to the PI Claim disputed that the medical expenses included in the Lien Itemization were caused by The Accident and because of this requested a compromise on the amount.  In response, Rawlings advised Mrs. Salzmann that they would need copies of any documents which showed the medical expenses within the lien itemization were not caused by The Accident.  No such documents were ever provided by Mrs. Salzmann or her office.

35.     On March 22, 2019, Mrs. Salzmann's office provided a copy of the Release from The PI Claim.  In response, Rawlings again asked for copies of any documents which showed if the medical expenses in the Lien Itemization were not caused by The Accident.  No such documents were ever provided by Mrs. Salzmann or her office.

36.     Also on March 22, 2019, Rawlings sent correspondence to Mrs. Salzmann offering to compromise OneBlood Benefits Plan's reimbursement rights. No response was received.  Rawlings again sent this same compromise offer to Mrs. Salzmann and called her on April 8, 2019 to discuss the offer.  No response was received.  On April 16, 2019; April 23, 2019; and May 2, 2019, Rawlings called and left messages for Mrs. Salzman requesting their position on the offer.  No response was received.

37.     On May 7, 2019, Rawlings again called Mrs. Salzmann to get her position on the settlement offer.  Mrs. Salzmann now claimed that none of the medical expenses in the lien itemization were related to The Accident.    In

response, Rawlings again asked for any documentation which showed the medical expenses in the Lien Itemization were not related to The Accident.  A similar request was made in a voice mail left for Mrs. Salzmann on May 9, 2019.  None were ever provided.

38.    On May 13, 2019, Rawlings sent correspondence to Mrs. Salzmann again requesting documents showing which medical treatment was caused by The Accident.  On that same day a message was also left with Mrs. Salzmann's assistant asking for the same.  On May 15, 2019 and May 22, 2019, messages were again left with Mrs. Salzmann's assistant asking for these records.  None were ever provided.

39.    Having received no response to their many requests for information and having received no cooperation from Daron Wright's counsel in their effort to investigation the medical injuries which were caused by The Accident, Aetna was forced to retain outside counsel David Bear, Esq. to enforce their reimbursement and subrogation rights in regard to the ERISA Benefits Payments.

40.    In an effort to enforce these reimbursement and subrogation rights, Mr. Bear contact Mrs. Salzmann on June 17, 2019 advising that he represented Rawlings and Aetna in regard to the reimbursement and subrogation rights from the ERISA Benefits Payments and requesting any documents which show whether the medical expenses in the Lien Itemization were or were not caused by The Accident.  On that same day, Mrs. Salzmann responded claiming that the defense and Mr. Wright's operating neurosurgeon did not relate the cervical surgery to the

accident.   In response and on that same day, Mr. Bear requested any documentation which supported her claim that the injuries which necessitated the expense in the Lien Itemization were not caused by The Accident.  No response whatsoever was given, not an e-mail, phone call, letter, or the requested documents.

41.    On June 19, 2019, Mr. Bear requested that Mrs. Salzmann provide any pre-accident medical records with surgical indications or depositions to that effect, as well as any medical records or deposition testimony pertinent to evaluating the cause of Mr. Wright's cervical spine surgery.  No response whatsoever was given.

42.    On June 24, 2019, Mr. Bear again requested that Mrs. Salzmann provide any medical records or deposition testimony that is relevant to evaluating the relatedness of Mr. Wright's cervical spine surgery to The Accident.   No response whatsoever was given.

43.    On July 9, 2019, Mr. Bear again requested that Mrs. Salzman provide documents pertaining to the cause of the medical treatment contained in the Lien Itemization.   The request included a number of specific documents, including specifically described medical records, specifically described deposition transcripts, specifically described writing discovery, and any demand package from Mrs. Salzmann to the defendant in Mr. Wright's personal injury action.  This correspondence also reminded Mrs. Salzmann of Dayon Wright's contractual obligation to cooperate with Aetna's effort to recover and investigate its

reimbursement rights and provided her language from the Plan Documents showing the obligation to cooperate.  *See* Exhibit "C".  No response whatsoever was given.

44.    On September 16, 2019, Mr. Bear again requested that Mrs. Salzmann provide documents pertaining to the cause of Dayon Wright's medical treatment contained in the Lien Itemization.  No response whatsoever was given.

45.    On September 23, 2019, Mr. Bear again requested that Mrs. Salzmann provide documents pertaining to the cause of Mr. Wright's medical treatment contained in the Lien Itemization.  No response whatsoever was given.

46.    Prior to filing this suit, Aetna provided due notice to Dayon Wright through his counsel Mrs. Salzmann of it and OneBlood Benefits Plan's lien and rights of reimbursement under the OneBlood Benefits Plan and the amount of it and OneBlood Benefits Plan's lien.  However, Dayon Wright, acting through his counsel Mrs. Salzmann, has refused to reimburse Aetna and the OneBlood Benefits Plan pursuant to the reimbursement rights contained within the Plan Documents and has taken actions which make it clear that he does not intend to properly reimburse Aetna and the OneBlood Benefits Plan pursuant to the reimbursement rights contained within the Plan Documents in the future. Additionally, Dayon Wright, acting through his counsel, has refused to cooperate with Aetna and the OneBlood Benefits Plan's efforts to recover benefits paid as a result of The Accident, including but not limited to his failure to provide all information requested by the OneBlood Benefits Plan, provide all documents

related to or filed in the PI Claim, and to allow Aetna and the OneBlood Benefits Plan to conduct an investigation regarding the injury. Additionally, Dayon Wright, acting through his counsel, has prejudiced Aetna and OneBlood Benefit's Plan's effort and ability to recovery the benefits paid.

47.    The Plan Documents contain explicit terms and conditions which provide for lien, reimbursement, and subrogation rights when the plan pays for covered expenses on behalf of its insured which are caused by a third party and require the above described cooperation. A portion of the relevant language from the Plan Documents is as follows:

**9.12 Third Party Liability**

**\*\*\***

**C. Plan's Right of Recovery**

If a Covered Person becomes injured or ill because of the actions or inactions of a third party, the Plan shall have the right to recover related Plan expenses out of any payments made by ( or on behalf of) the third party ( whether by lawsuit, settlement, or otherwise) to a Covered Person (or his or her assignee). The Plan's right of recovery applies to the extent the Plan has paid expenses related to the injury or illness, regardless of whether any related settlement or other third-party payment states that the payment (all or part of it) is for health care expenses. By accepting Plan benefits to pay for treatments, devices or other products or services related to such injury or illness, Covered Person agrees … that the Plan has an equitable lien on such funds, without regard to whether the Covered Person has been made whole or fully compensated for the injury or illness. Covered Person also agrees to serve as a constructive trustee over the funds until the time they are paid to the Plan. Covered Person further agrees to cooperate with the Plan's recovery efforts and do nothing to prejudice the Plan's recovery rights….

Master Plan attached as Exhibit "A", pages 37-38.

## SUBROGATION AND RIGHT OF RECOVERY

…

**Reimbursement**
If you receive any payment as a result of an injury, illness or condition, you agree to reimburse the plan first from such payment for all amounts the plan has paid and will pay as a result of that injury, illness or condition, up to and including the full amount of your recovery.

**Constructive Trust**
By accepting benefits (whether the payment of such benefits is made to you or made on your behalf to any provider) you agree that if you receive any payment as a result of an injury, illness or condition, you will serve as a constructive trustee over those funds. Failure to hold such funds in trust will be deemed a breach of your fiduciary duty to the plan. No disbursement of any settlement proceeds or other recovery funds from any insurance coverage or other source will be made until the health plan's subrogation and reimbursement interest are fully satisfied.

**Lien Rights**
Further, the plan will automatically have a lien to the extent of benefits paid by the plan for the treatment of the illness, injury or condition upon any recovery whether by settlement, judgment or otherwise, related to treatment for any illness, injury or condition for which the plan paid benefits. The lien may be enforced against any party who possesses funds or proceeds representing the amount of benefits paid by the plan including, but not limited to, you, your representative or agent, and/or any other source that possessed or will possess funds representing the amount of benefits paid by the plan.

**Cooperation**
You agree to cooperate fully with the plan's efforts to recover benefits paid… You and your agents shall provide all information requested by the plan, the Claims Administrator or its representative including, but not limited to, completing and submitting any applications or other forms or statements as the plan may reasonably request and all documents related to or filed in personal injury litigation….

You acknowledge that the plan has the right to conduct an investigation regarding the injury, illness or condition to identify potential sources of recovery.

Summary Plan Description attached as Exhibit "B", pages 74-76. (emphasis added)

## IV.  CLAIMS

### COUNT I - Enforcement of Contract Reimbursement Terms (Defendant Dayon Wright)

48.     Paragraphs 1 through 47 are hereby incorporated as if fully set forth herein.

49.     Defendant Dayon Wright alleged that a third party caused his injuries and sought and then obtained compensation for those injuries from the at fault driver, Kathryn Musante.  The recovery sought and obtained by Dayon Wright from this third-party tortfeasor included damages for past medical expenses which were paid for under the OneBlood Benefits Plan.

50.     The OneBlood Benefits Plan language is clear and unambiguous in that Aetna and the OneBlood Benefits Plan is to be reimbursed from any third-party recovery for payments made under the OneBlood Benefits Plan which were caused by a third-party.

51.     Aetna properly and repeatedly asserted its and OneBlood Benefit Plan's reimbursement rights to Dayon Wright, through his counsel.  However, Dayon Wright has denied and continues to refuse to properly reimburse Aetna and the OneBlood Benefit Plan, thereby breaching the contract of insurance.

52.     Aetna has sustained damages in the principle amount of $42,112.01 along with interest, fees, and costs as a proximate cause of this breach and sues herein to enforce the terms of the contracts/policies.

**COUNT II - Breach of Contractual Duty to Cooperate and Not Prejudice**
**(Defendant Dayon Wright)**

53.      Paragraphs 1 through 47 are hereby incorporated as if fully set forth herein.

54.      Dayon Wright was obligated by the terms of the Plan Documents to cooperate with Aetna and the OneBlood Benefits Plan's effort to recover benefits paid, provide all information requested by Aetna and the OneBlood Benefits Plan including providing any documents related to or filed in his personal injury matter, allow Aetna and the OneBlood Benefits Plan to conduct an investigation regarding his injury or condition, and do nothing to prejudice Aetna or the OneBlood Benefit Plan's efforts to recover benefits paid.

55.      Dayon Wright, acting through his counsel, has refused to cooperate with Aetna and OneBlood Benefits Plan's effort to recover benefits paid, has refused to provide all information requested by Aetna and the OneBlood Benefits Plan, has refused to provide documents related to or filed in Mr. Wright's personal injury matter, has refused to allow Aetna and the OneBlood Benefits Plan to conduct an investigation regarding the injury or condition, and has prejudiced Aetna and OneBlood Benefits Plan's effort to recover the ERISA Benefit Payments.

56.      This breach resulted in prejudice to the OneBlood Benefits Plan and was the proximate cause of damages to the OneBlood Benefits Plan, including a limitation and/or frustration of its ability to recover from The Musante Monetary Settlement through its reimbursement rights; a limitation and/or frustration of its

ability to exercise its subrogation rights against Katheryn Musante; and necessitating Aetna and OneBlood Benefits Plan to incur attorney fees and costs in order to protect its lien, reimbursement, and subrogation rights in regard to The ERISA Benefit Payments.

### COUNT III - Claim for Unjust Enrichment (Defendants Dayon Wright, Legally Pink Law, PLLC, and Carolyn Salzmann, Esq.)

57.    Paragraphs 1 through 47 are hereby incorporated as if fully set forth herein.

58.    As a result of The Accident, the OneBlood Benefits Plan provided Dayon Wright ERISA Benefits Payments in the amount of $42,112.01.  As a precondition to receiving the ERISA Benefits Payments, Dayon Wright agreed to reimburse Aetna and the OneBlood Benefits Plan from settlement funds from third parties.

59.    Dayon Wright has received more than the ERISA Benefits Payments in settlement funds from third parties, but has refused to reimburse Aetna and the OneBlood Benefits Plan from those settlement funds.

60.    Defendants Dayon Wright, Legally Pink Law, and Carolyn Salzmann have been in possession of The Musante Monetary Settlement, were not entitled to retain the entirety of The Musante Monetary Settlement, and were obligated to reimburse Aetna and the OneBlood Benefits Plan in the amount of the ERISA Benefits Payments.  However, these Defendants have and continue to refuse to

provide Aetna and the OneBlood Benefits Plan the portion of The Musante Monetary Settlement as required by the terms of The Plan.

61.    Defendants Dayon Wright, Legally Pink Law, and Carolyn Salzmann have no lawful claim to that portion of The Musante Monetary Settlement which are encumbered by reimbursement rights for the ERISA Benefits Payments.

62.    Aetna, including through its vendor The Rawlings Company, has repeatedly notified Dayon Wright through his counsel Mrs. Salzmann that he is obligated to reimburse Aetna and the OneBlood Benefits Plan and that the failure to do so is a violation of the terms of the OneBlood Benefits Plan and ERISA.

63.    Nevertheless, Dayon Wright, Legally Pink Law, and Carolyn Salzmann continue to retain the entirety of the Settlement Proceeds and have refused to properly reimburse Aetna and the OneBlood Benefits Plan.

64.    Dayon Wright, Legally Pink Law, and Carolyn Salzmann's act of refusing to properly reimburse the proceeds which are encumbered by reimbursement rights for the ERISA Benefits Payments violates established principles of fairness and equity.

65.    By reason of the OneBlood Benefits Plan's medical benefits provided to Dayon Wright, and Dayon Wright, Legally Pink Law, and Carolyn Salzmann's failure to reimburse Aetna and the OneBlood Benefits Plan after Dayon Wright's settlement with Kathryn Musante, Dayon Wright, Legally Pink Law, and Carolyn Salzmann have been unjustly enriched in the amount of $42,112.01.

66.     Aetna and the OneBlood Benefits Plan is entitled to recover the balance of the ERISA Benefits Payments in the amount of $42,112.01, as well as interests, fees, and costs.

## COUNT IV - Conversion – (Defendants Dayon Wright, Legally Pink Law, and Carolyn Salzman)

67.     Paragraphs 1 through 47 are hereby incorporated as if fully set forth herein.

68.     Dayon Wright, Legally Pink Law, and Carolyn Salzmann each wrongfully and knowingly converted for their own use proceeds from The Musante Monetary Settlement which belonged the OneBlood Benefits Plan.

69.     Each of these Defendants' conversion of the portion of The Musante Monetary Settlement which belonged to the OneBlood Benefits Plan was wrong and inconsistent with legal rights as the OneBlood Benefits Plan held a contractual, statutory, and equitable lien; has reimbursement rights to; and has an immediate right of possession to $42,112.01 of The Musante Monetary Settlement.

70.     Aetna advised Dayon Wright, Legally Pink Law, and Carolyn Salzmann of these lien and reimbursement rights in writing on numerous occasions.

71.     As a result of the conversion, Aetna and the OneBlood Benefits Plan has been harmed in the amount of $42,112.01 as well as interests, fees, and costs.

## COUNT V - Claim for Equitable Lien or Constructive Trust (Defendants Dayon Wright, Legally Pink Law, and Carolyn Salzman)

72.    Paragraphs 1 through 47, 57-66, and 67-71 are hereby incorporated as if fully set forth herein.

73.    The OneBlood Benefits Plan specifically identifies proceeds from third parties as funds from which the plan may recover and to which the plan is entitled.

74.    Due to the injuries sustained by Defendant Dayon Wright in The Accident, the OneBlood Benefits Plan provided ERISA Benefit Payments in the amount of $42,112.01. Portions of the funds to which the OneBlood Benefits Plan is entitled are in the possession of Defendants Dayon Wright, Legally Pink Law, and/or Carolyn Salzmann, the latter two as compensation for legal services rendered to Dayon Wright in obtaining a settlement with the responsible third party.

75.    Aetna is authorized to seek reimbursement from Defendants Legally Pink Law and Carolyn Salzmann for taking a fee on funds which belong to the OneBlood Benefits Plan.

76.    There is a risk that Defendants Dayon Wright, Legally Pink Law, and Carolyn Salzmann will deplete and/or dispose of the sums to which the OneBlood Benefits Plan is entitled.

77.    Aetna is therefore entitled to have an equitable lien or constructive trust imposed on funds belonging to the OneBlood Benefits Plan which are in the possession of Defendants' Dayon Wright, Legally Pink Law, and Carolyn Salzmann in the amount of $42,112.01.

### COUNT VI - Claim for Declaratory and Equitable Relief (Defendants Dayon Wright, Legally Pink Law, and Carolyn Salzmann)

78.     Paragraphs 1 through 47 are hereby incorporated as if fully set forth herein.

79.     Pursuant to 29 U.S.C. § 1001 *et seq.*, 29 U.S.C. § 1132(a)(3), and 28 U.S.C. § 2201 *et seq*., Aetna and the OneBlood Benefits Plan seek equitable relief, including but not limited to enforcement of their equitable liens by way of restitution and reimbursement, imposition of a constructive trust, and declaration of rights under the OneBlood Benefits Plan against Defendants Dayon Wright, Legally Pink Law, and Carolyn Salzmann to enforce ERISA and the terms of the OneBlood Benefits Plan.

80.     By virtue of the aforementioned rights of reimbursement, Aetna and OneBlood Benefits Plan is entitled through the OneBlood Benefits Plan to obtain reimbursement of the ERISA Benefit Payments.

81.     Aetna and OneBlood Benefits Plan are entitled to the imposition of a constructive trust for their and the OneBlood Benefits Plan's benefit into which any recovery that has or will be paid to Dayon Wright from The Accident, including recovery from the tortfeasor, shall be held.

82.     By refusing to acknowledge and honor Aetna and OneBlood Benefits Plan's rights under the OneBlood Benefits Plan and ERISA, Defendant Dayon Wright has violated the terms of the OneBlood Benefits Plan.

83.     Since these actions by Dayon Wright, Legally Pink Law, and Carolyn Salzmann violate the terms of the OneBlood Benefits Plan, Plaintiff requests this

Court to enter an order declaring AETNA's rights to restitution and/or reimbursement to a portion of The Musante Monetary Settlement.

## COUNT VII - Attorney's Fees Under Plan Documents and 29 U.S.C. §132(g) (Defendants Dayon Wright, Legally Pink Law, and Carolyn Salzmann)

84.     Paragraphs 1 through 47 are hereby incorporated as if fully set forth herein.

85.     29 U.S.C. §132(g) provides the Court the authority to award attorney fees to the prevailing party for an action brought under 29 U.S.C. §1132.

86.     The Plan Documents provides that Aetna and the OneBlood Benefits Plan are entitled to recover attorneys' fees and costs incurred should it need to file suit to enforce lien, reimbursement, subrogation, or any other rights held by the OneBlood Benefits Plan, or should any other legal or equitable action be needed due to the beneficiary's failure to reimburse or honor the plan's interests.  *See* Exhibit "A" page 38; Exhibit "B" page 76.

87.     The Plan Documents also provide that Aetna and OneBlood Benefits Plan are entitled to recover attorneys' fees and costs incurred should it need to file suit to hold a Third Party liable for the Covered Expenses. *See* Exhibit "A" page 38; Exhibit "B" page 76.

88.     Plaintiff is required to bring this suit in order to enforce the terms of the plan, reclaim funds which were improperly converted, avoid unjust enrichment by Dayon Wright, Legally Pink Law, and/or Carolyn Salzmann, and obtained needed equitable relief.

89.     Plaintiff is also required to bring this suit in order to hold third party tortfeasor Kathryn Musante liable for the Covered Expenses.

90.     Defendants Dayon Wright, Legally Pink Law, and Carolyn Salzmann have acted in bad faith and an award of attorney's fees will deter other persons from engaging in such conduct under similar circumstances.  This action seeks to benefit all participants and beneficiaries of the OneBlood Benefits Plan by obtaining the return of plan assets.

91.     Accordingly, under the terms of the OneBlood Benefits Plan and/or 29 U.S.C. § 1132(g), Dayon Wright, Legally Pink Law, and Carolyn Salzmann are liable to Aetna and the OneBlood Benefits Plan for reasonable attorney's fees and costs of this action in order to obtain the return of OneBlood Benefits Plan assets.

## COUNT VIII - SUBROGATION AGAINST KATHERYN MUSANTE

92.     Paragraphs 1 through 47 are hereby incorporated as if fully set forth herein.

93.     Pursuant to the terms of the Plan Documents, the OneBlood Benefits Plan paid $42,112.01 in medical expenses which were incurred by Dayon Wright due to the negligence of Kathryn Musante which resulted in The Accident ("the ERISA Benefit Payments").

94.     The ERISA Benefit Payments were made in order to comply with the terms and duties of the OneBlood Benefits Plan, not as a volunteer.

95.    The OneBlood Benefits Plan only became obligated to pay the ERISA Benefit Payments because of the negligence of Katheryn Musante.

96.    Though Kathryn Musante entered into what she believed was a settlement agreement with Dayon Wright which included the ERISA Benefits Payments, by the terms of the Plan Documents Dayon Wright did not have the right to release the OneBlood Benefits Plan subrogation rights against Kathryn Musante without Plaintiff's consent.

97.    Prior to Kathryn Musante entering into a settlement agreement with Dayon Wright, she knew of OneBlood Benefit Plan's subrogation rights as well as Dayon Wright's inability to release or satisfy OneBlood Benefit Plan's subrogation rights without the consent of the OneBlood Benefit Plan.

98.    The Plan Documents provide that in the event Dayon Wright incurred covered expenses paid for by the OneBlood Benefits Plan for which a third party is liable, OneBlood Benefits Plan is subrogated to all of Dayon Wrights' rights of recovery for those benefits paid.  Benefits were advanced to Dayon Wright to pay for medical treatment which was necessitated by The Accident (the ERISA Benefits Payment) and therefore Dayon Wright's right to recover from Katheryn Musante for the ERISA Benefits Payments were transferred and assigned to the OneBlood Benefits Plan.

99.    At no time did OneBlood Benefits Plan, its fiduciary Aetna, or any other entity acting on its behalf consent to the settlement agreement which was reached between Dayon Wright and Kathryn Musante.

100.    No monies paid by or on behalf of Kathryn Musante pursuant to The Musante Monetary Settlement have been provided to OneBlood Benefits Plan or its fiduciary Aetna.

101.    The damages suffered by the OneBlood Benefits Plan are properly subrogated against Katheryn Musante.

102.    Subrogation against Katheryn Musante would not work any injustice to the rights of a third party.

## V. <u>DAMAGES</u>

103.    As the result of the actions of Defendants Dayon Wright, Legally Pink Law, Carolyn Salzmann, and Katheryn Musante, the OneBlood Benefits Plan and Aetna have been damaged in the amount of $42,112.01, as well as interest, fees, and costs.

## VI. <u>PRAYER</u>

For these reasons, Plaintiff respectfully asks that the Court:

a)    Declare that Plaintiff is entitled to recover $42,112.01 from Dayon Wright in reimbursement of its lien along with interest, fees, and costs;

b)    Declare that Dayon Wright has breached the terms of ERISA and the OneBlood Benefits Plan which has resulted in damages to Aetna and the OneBlood Benefits Plan in the amount of $42,112.01 plus interest, fees, and costs;

c)    Declare that Dayon Wright, Legally Pink Law, and Carolyn Salzmann have unjustly enriched themselves resulting in damages to Aetna and the OneBlood Benefits Plan in the amount of $42,112.01 plus interest, fees, and costs;

d)    Declare that Dayon Wright, Legally Pink Law, and Carolyn Salzmann have improperly converted $42,112.01 which is the property of Aetna and the OneBlood Benefits Plan.

e)    Declare that Plaintiff is entitled to its equitable claims for enforcement of the terms and conditions of the OneBlood Benefits Plan against Dayon Wright, Legally Pink Law, and Carolyn Salzmann;

f)    Declare that Plaintiff is entitled to an equitable lien and the imposition of a constructive trust upon funds held directly or constructively by Dayon Wright, Legally Pink Law, and Carolyn Salzmann in order to enforce Plaintiff's equitable lien in the current identifiable amount of $42,112.01, plus interest, fees, and costs;

g)    Declare that Plaintiff is entitled to subrogation against Katheryn Musante for The Accident and the ERISA Benefits Payments in the amount of $42,112.01;

h)    Award Plaintiff its fees incurred, costs of court, as well as pre-judgment and post-judgment interest as allowed by law; and

i)      Grant any other further equitable relief which the Court deems appropriate.

Respectfully submitted this 12th day of October 2020,

__/s/ David Bear_____
DAVID R. BEAR
Trial Counsel
Florida Bar No.: 043269
Bear Legal Solutions
111 North Orange Ave., Suite 800
Orlando, Florida 32801
Telephone:  321-888-3955
Primary Email:
david@bearlegalsolutions.com
Secondary Email:
liz@bearlegalsolutions.com
Attorney for Plaintiff